**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MOISES DAVID CHURON GOMEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2646-KC** |
| | § | |
| **JUAN LOPEZ,** | § | |
| | § | |
| **Respondent.** | § | |

**ORDER**

On this day, the Court considered the above-captioned case, in which Petitioner seeks release from immigration custody. Pet. 3, ECF No. 3. Petitioner is detained within the boundaries of the Western District of Texas pending ongoing removal proceedings. *Id.* at 4–5. Respondents argue that the Petition must be denied under binding authority. *See* Resp. 3–4, ECF No. 6.

All noncitizens who are present in the United States without having been admitted or paroled are subject to mandatory detention for the duration of their removal proceedings. 8 U.S.C. § 1225(b)(2)(A); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502 (5th Cir. 2026). The mandatory detention provision—§ 1225(b)(2)(A)—applies to noncitizens regardless of whether they are detained at the border or in the interior of the United States. *Buenrostro-Mendez*, 166 F.4th at 504. And neither the fact nor length of detention without a bond hearing constitutes a due process violation, "so long as removal remains a viable prospect" and delay is not used "as a means of punishment." *See Sosnava Rodriguez v. Vergara*, --- F.4th ----, 2026 WL 3181188, at *13–14 (5th Cir. 2026). Once a noncitizen has completed removal proceedings and is subject to an administratively final order of removal, they may only be detained for "a

period reasonably necessary" to effectuate their removal. *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001).

Petitioner has not been admitted or paroled into the United States. *See* Pet. 4–5; Resp. 2–3. There is no indication that Petitioner's removal is not a viable prospect or that Petitioner is being detained for an improper punitive purpose. *See generally* Pet. Petitioner is not subject to an administratively final order of removal. *See id.* at 4–5; Resp. 3. Therefore, neither the fact nor length of Petitioner's detention without a bond hearing warrants relief under federal statutes or the Constitution. *See Sosnava Rodriguez*, 2026 WL 3181188, at *13–14; *Buenrostro-Mendez*, 166 F.4th at 498, 502.

To the extent that Petitioner challenges any adverse conditions of confinement, such claims are not properly brought under habeas but instead as civil rights claims. *See Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021); *see also Trump v. Cook*, 609 U.S. 528, 549 n.2 (2026); *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231–33 (10th Cir. 2005).

To the extent that Petitioner challenges the authority to take him into custody in the first place or the procedures associated with his arrest, "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984) (citation omitted). "And where detention is pursuant to that deportation proceeding, habeas relief is unavailable to remedy the illegal arrest." *Navdeep v. Warden Ero El Paso Camp E. Montana Det. Ctr.*, No. 3-26-cv-829-KC, 2026 WL 1179624, at *2 (W.D. Tex. Apr. 23, 2026) (collecting cases).

Accordingly, the Court **ORDERS** that the Petition is **DENIED**, and all claims are **DISMISSED** without prejudice

The Clerk shall close the case.

**SO ORDERED**.

SIGNED this 10th day of November, 2026.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE